UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SHAWN MITCHELL,<br><br>    Plaintiff,<br><br>    v.<br><br>PHILLIP 66 COMPANY, et al.,<br><br>    Defendants. | Case No. 23-cv-00256-LB<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: ECF No. 70 |

## INTRODUCTION AND STATEMENT

The plaintiff in this employment-discrimination case, who is representing himself, used to work for the defendants (Phillip 66 and Ancon Services) as a truck driver. He claims race discrimination in violation of Title VII (claim one), age discrimination in violation of the Age Discrimination in Employment Act (claim two), and race discrimination in violation of 42 U.S.C. § 1981 (claim three).[1] Ancon moves to dismiss counts one and two on the ground that as to Ancon, the plaintiff did not properly exhaust his administrative remedies.[2]

---

[1] Am. Compl. – ECF No. 22. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF No. 70.

ORDER – No. 23-cv-00256-LB

The court has federal-question jurisdiction. 28 U.S.C. § 1331. All parties consented to magistrate-judge jurisdiction.[3] *Id.* § 636(c). The court held a hearing on March 14, 2024. The court denies the motion.

**STANDARD OF REVIEW**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of (1) what the claims are and (2) the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[a] complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016).

A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint must contain factual allegations that, when accepted as true, are sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *NorthBay Healthcare Grp., Inc. v. Kaiser Found. Health Plan, Inc.*, 838 F. App'x 231, 234 (9th Cir. 2020). "[O]nly the *claim* needs to be plausible, and not the facts themselves. . . ." *NorthBay*, 838 F. App'x at 234 (citing *Iqbal*, 556 U.S. at 696); *see Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018) (the court must accept the factual allegations in the complaint "as true and construe them in the light most favorable to the plaintiff") (cleaned up).

Put another way, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

---

[3] Consents – ECF Nos. 57, 59, 78.

*Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (cleaned up).

Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

If a court dismisses a complaint because of insufficient factual allegations, it should give leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). If a court dismisses a complaint because its legal theory is not cognizable, the court should not give leave to amend. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016); *see Steele-Klein v. Int'l Bhd. of Teamsters, Loc. 117*, 696 F. App'x 200, 202 (9th Cir. 2017) (leave to amend may be appropriate if the plaintiff "identifie[s] how she would articulate a cognizable legal theory if given the opportunity").

## ANALYSIS

Ancon contends that because it was not a part of the plaintiff's pre-lawsuit EEOC proceedings, the Title VII and ADEA claims against Ancon must be dismissed.[4]

A plaintiff must exhaust ADEA and Title VII claims by filing a written charge with the EEOC or a qualifying state agency. 42 U.S.C. § 12177(a); *Scott v. Gino Morena Enters.*, 888 F.3d 1101, 1104 (9th Cir. 2018) (Title VII claims) (citing 42 U.S.C. § 2000e-5); *Gamble v. Kaiser Found. Health Plan, Inc.*, 348 F. Supp. 3d 1003, 1013 (N.D. Cal. 2018) (ADEA claims) (citing 29 U.S.C. § 626(d)).

As a general rule, plaintiffs in Title VII cases, at least, "may sue only those named in the EEOC charge because only they had an opportunity to respond to charges during the administrative proceeding." *Sosa v. Hiraoka*, 920 F.2d 1451, 1458–59 (9th Cir. 1990). There are

---

[4] Mot. – ECF No. 70.

four exceptions though: (1) when "the respondent named in the EEOC charge is a principal or agent of the unnamed party" or the named and unnamed parties are "substantially identical," (2) when "the unnamed party was involved in the acts giving rise to the Title VII claims," (3) when "the EEOC or defendants themselves should have anticipated that claimant would name those defendants in the lawsuit," and (4) when "the unnamed party had notice of the EEOC conciliation efforts and participated in the EEOC proceedings." *Gamble*, 348 F. Supp. at 1018–19; *Mattioda v. Bridenstine*, No. 20-cv-03662-SVK, 2021 WL 75665, at *9 (N.D. Cal. Jan. 8, 2021). In *Gamble*, for example, the plaintiff alleged that the defendants were part of an "integrated medical care services program," which was sufficient to come within the exceptions. 348 F. Supp. at 1018–19.

This case is like *Gamble*. The plaintiff alleges that he worked for both defendants "via contract," the defendants were his "joint employer[s]," he operated a Phillip 66 truck, his immediate supervisor was an Ancon safety officer, he was in contact with safety officers from both defendants before his termination, and both safety officers were involved in the decision to terminate him.[5] These allegations are sufficient to come within the exceptions to the general rule that a defendant must have been named in the plaintiff's EEOC charge to be sued later. This is especially so because the allegations establish (at this stage at least) that Ancon "was involved in the acts giving rise to the Title VII claim[]."

Ancon points out that the plaintiff's EEOC charge did not have any allegations "establish[ing] that [Ancon] was involved in the acts giving rise to the claims asserted."[6] But "[EEOC] charges should be construed liberally" and "Title VII charges can be brought against persons not named in an [EEOC] complaint as long as they were involved in the acts giving rise to the [EEOC] claims." *Wrighten v. Metro. Hosps., Inc.*, 726 F.2d 1346, 1352 (9th Cir. 1984). The court denies the motion to dismiss.

---

[5] Am. Compl. – ECF No. 22 at 3 (¶¶ 11, 13), 4 (¶¶ 20–21).
[6] Reply – ECF No. 107 at 10–11.

# CONCLUSION

The court denies the motion to dismiss. This resolves ECF No. 70.

**IT IS SO ORDERED.**

Dated: March 14, 2024

LAUREL BEELER
United States Magistrate Judge